UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY PARKER, JR. and
CLARISSA PARKER,

    Plaintiffs,

v.

                                                    Case No: 15-11708
                                                  Honorable Victoria A. Roberts

MIDWEST LOAN SERVICES, INC. and
GENISYS CREDIT UNION,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

This action arises from the foreclosure of real property in the City of Southfield, Michigan, owned by Plaintiffs Johnny Parker, Jr. and Clarissa Parker ("Plaintiffs"). In an amended complaint filed June 24, 2015, Plaintiffs assert the following claims against Defendants Midwest Loan Services, Inc. and Genisys Credit Union ("Defendants"): (I) Violation of MCL 600.3201 ET.SEQ.; (II) Action Pursuant to Real Estate Settlement Procedures Act (RESPA) Section 6F, 12 USC 2605(F), for violations of 12 CFR 1024.38, and 1024.41; (III) Negligence; and (IV) Fraudulent Misrepresentation.

    **I.    Factual and Procedural Background**

On Jan. 12, 2009, Plaintiffs obtained a loan from Defendants to purchase a residence in Southfield, Michigan. They granted a mortgage on the property to Defendants to secure the loan. Plaintiffs defaulted on the terms of the loan and entered into a loan modification agreement with Defendants on February 16, 2011.

They defaulted on that as well. Defendants initiated foreclosure proceedings by advertisement on August 11, 2014 with the Sheriff sale scheduled for Sept. 9, 2014.

Plaintiffs filed for Chapter 13 bankruptcy protection on Sept. 3, 2014 which was dismissed on Dec. 8, 2014.  Defendants adjourned the foreclosure sale until Dec. 9, 2014 and subsequently purchased the property at the Sheriff's sale.

Plaintiffs filed their complaint in state court on April 10, 2015 and Defendants removed the case to federal court. An order staying the case was entered on July 16, 2015 to allow Plaintiffs to bring their loan current. Plaintiffs do not appear to have done that. Defendants refiled their motion to dismiss and the stay was lifted.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P 12(c). Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Popular Creek Dev. Co. v Chesapeake Appalachia, L.L.C.,* 636 F. 3d 235, 240 (6th Cir. 2011).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins Co.*, 508 F. 3d

2

327, 336 (6th Cir. 2007). The "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F 3d. 545, 548 (6th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.1955, 197, 167 L. Ed. 2d 929 (2007).

"When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder" *Twombly*, 550 U..S. at 563 n.8. The function of the Court in ruling on such a motion is not to weigh the evidence nor to appraise the credibility of witnesses. *Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the Court simply determines "whether a complaint states a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. Analysis

#### A. Plaintiffs Claim Defendants Violated MCL 600.3201 ET.SEQ. (Count I)

In Count I, Plaintiffs ask the Court to set aside the foreclosure sale because Defendants did not properly post a true copy of the notice of foreclosure in a conspicuous place on the property or publish an adjournment notice. Plaintiffs claim they would have been able to cure a default in the mortgage had notice provisions been followed.

It is well established under Michigan law that a plaintiff cannot challenge a foreclosure and sale after the expiration of the 6 month redemption period, absent a

clear showing of fraud or irregularity in the foreclosure proceedings themselves. *E.g., Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013); *Bryan v. JPMorgan Chase Bank, N.A.*, 304 Mich. App. 708, 713-14, 848 N.W.2d 482 (2014). The fraud or irregularity cannot relate to the "underlying equities, if any, bearing on the instrument." *Fed. Home Loan Mortgage Corp. v. Gaines*, 589 F. App'x 314, 317 (6th Cir. 2014) (quoting *Bank of N.Y. Mellon Trust Co. Nat'l Ass'n v. Robinson*, No. 311724, 2013 Mich. App. LEXIS 2170, 2013 WL 6690678 at *2 (Mich. Ct. App. Dec. 19, 2013)).

A plaintiff must further allege prejudice — that he would have been in a better position to keep the property, absent the fraud or irregularity — in order to void the foreclosure and sale. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329 (2012). A mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity. *Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 242 (Mich. App. 2014).

Assuming the allegations here are true, they are insufficient to support the prejudice elements of Plaintiffs' claim. There is no causal connection between the alleged fraud or irregularity in the foreclosure procedure and Plaintiffs' ability to have preserved their property interest. Nothing in the pleadings indicates that Plaintiffs would have been in a position to redeem the property had the proper notice provisions been followed. Nor do Plaintiffs claim to have been misled regarding whether a Sheriff's sale

4

would occur. Additionally, this Court gave Plaintiffs additional time to bring their loan current to redeem their property; they did not do so. The Count fails.

### B. Action Pursuant to Real Estate Settlement Procedures Act (RESPA) Section 6F, 12 USC 2605(F), for violations of 12 CFR 1024.38, and 1024.41 (Count II)

Plaintiffs ask for judgment against Defendants and an award of actual damages as a result of Defendants' failure to comply with the RESPA. Plaintiffs allege that Defendants violated 12 CFR 1024.41(c) by receiving a complete loan modification application 6 months before the Sheriff's sale date and failing to properly evaluate Plaintiffs' request. Plaintiffs also allege that 12 CFR 1024.41(d) and 12 CFR 1024.41(f)(2) were violated because Defendants' did not providing specific reasons for denial and did not send proper written notice in response to Plaintiff's modification request stating their ineligibility. Plaintiffs claim that Defendants participate in the Home Affordable Modification Program ("HAMP") program which requires a Sheriff's sale to be suspended if loan modification documents are submitted before a sale takes place. Plaintiffs also claim that had they been properly evaluated and placed in a loan modification, they would not have lost their home to foreclosure.

RESPA is a consumer protection statute intended to ensure consumers receive information about settlement costs and to protect them from high settlement fees and potentially abusive practices of providers. *Augenstein v. Coldwell Banker Real Estate LLC*, No. 2:10-CV-191, 2011 U.S. Dist. LEXIS 97056, 2011 WL 3837096, at *2 (S.D. Ohio Aug. 30, 2011). RESPA 12 U.S.C § 2605 provides for enforcement of violations of 12 C.F.R. § 1024.41; it allows for an award of actual damages or other damages which might flow from a servicer's wrongful act. *Houston v. U.S. Bank Home*

5

*Mortg. Wis. Servicing*, 505 Fed. Appx. 543, 548 n.6 (6th Cir. 2012). Notably, however, "There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification." *Caggins v. Bank of N.Y. Mellon*, No. 1511124, 2015 U.S. Dist. LEXIS 85457, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015).

Therefore, a borrower may not bring an action for violation of the loss mitigation rule if the borrower has previously availed himself of the loss mitigation process. And, the rule does not require that the borrower actually have received a loan modification; rather, it merely requires that a completed application be properly processed and considered. *Houle v. Green Tree Servicing, LLC*, 14-CV-14654, 2015 WL 1867526, at *3 (E.D. Mich. Apr. 23, 2015).

The Plaintiffs previously availed themselves of an approved loan modification agreement and defaulted. Accordingly, they cannot bring an action on this current loan modification agreement. Even if an action could be brought, the monetary damages must be a result of a pattern or practice of noncompliance; Plaintiffs do not allege this in their complaint. Plaintiffs also fail to demonstrate that they suffered harm as a result of Defendants' actions.

Plaintiffs cannot demonstrate that Defendants caused the foreclosure on the Property. Defendants had no obligation to offer mortgage assistance. Also, Plaintiffs fail to present evidence that, but for Defendants' actions, they would have been able to redeem or otherwise preserve their ownership of the Property. This Count fails.

6

### C. Negligence (Count III)

Plaintiffs' generalized allegation of "emotional strain of living under fear of losing their home to foreclosure" is insufficient to sustain a claim under RESPA. *See Austerberry*, No. 15-CV-13297, 2015 U.S. Dist. LEXIS 163454, 2015 WL 8031857, at *7 (holding that a plaintiff seeking compensation for emotional damage under RESPA must provide more than "threadbare" claims which show "how Defendant allegedly caused these damages."); *Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 U.S. Dist. LEXIS 57327, 2015 WL 1966887, at *7 (E.D. Mich. May 1, 2015) ("mere 'stress' is not enough to meet the minimum pleading standards under RESPA."); *see also McLean v. GMAC Mortgage Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (finding that plaintiffs raising RESPA claims based on emotional damages must present "specific evidence to establish a causal link between the financing institution's violation and their injuries.").

To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v. Allstate Ins. Co.,* 262 Mich.App. 571, 577, 686 N.W.2d 273 (2004). Extreme and outrageous conduct is conduct that "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Hayley,* 262 Mich.App. at 577, 686 N.W.2d 273.

This cause of action arises from a routine foreclosure. There are no supported allegations in the complaint that Defendants acted outside of the parameters of the

7

original mortgage agreement, much less outrageously, in processing the foreclosure by advertisement. This Count fails.

### D. Fraudulent Misrepresentation (Count IV)

Plaintiffs say that Defendants made material misrepresentations concerning their eligibility for a loan modification and that "Defendants intended to induce Plaintiffs from defending the foreclosure in reliance on the representations made by Defendants."

Under Michigan law, actionable fraud requires proof: (1) that defendant made a material representation; (2) that it was false; (3) that when made defendant knew it to be false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that plaintiff suffered injury. Each of these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery. *Hi-Way Motor Co. v. Intl. Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). Additionally, the fraud, accident, or mistake must relate to the foreclosure proceeding itself. *See Ellison v. Wells Fargo Home Mortg., Inc.,* No. 09–cv–14175, 2010 WL 3998091 (E.D.Mich. Oct.12, 2010) (refusing to set aside foreclosure where plaintiff's assertion of fraud related to matters independent of the foreclosure proceedings themselves.) Moreover, "a promise regarding the future cannot form the basis of a misrepresentation claim." *Forge v. Smith,* 458 Mich. 198, 212, 580 N.W.2d 876, 884 (1998).

Plaintiffs' claim fails. They do not allege fraud that relates to the foreclosure proceeding itself; and their fraud allegations pertain to the representations made by

8

Defendants regarding a future loan modification. This constitutes a promise regarding the future and cannot form the basis of a misrepresentation claim.

## IV. Conclusion

Defendants' motion to dismiss is **GRANTED**; Plaintiffs' Complaint is dismissed.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 30, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 30, 2016.

s/Linda Vertriest
Deputy Clerk